IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                                                              No.  05-40128-01-SAC

CYRIL VERNON GRINDLE,

           Defendant.

MEMORANDUM AND ORDER

           The defendant Cyril Vernon Grindle pleaded guilty to a single count information charging him with conspiracy to distribute a mixture containing a detectable quantity of cocaine.  The factual basis to the defendant's plea is that he allowed Bryan Perez to store between 2 and 3.5 kilograms of cocaine at the defendant's residence and gave Perez unlimited access to the stored cocaine.  The presentence report ("PSR") recommends a Guideline sentencing range of 46 to 57 months from a criminal history category of one and a total offense level of 23 based on the following calculations:  a base offense level of 28 pursuant to U.S.S.G. § 2D1.1(c)(6) (at least 2 but less than 3.5 kilograms of cocaine), a two-level reduction for meeting safety valve criteria pursuant to U.S.S.G. § 2D1.1(b)(7), and a three-level acceptance of responsibility adjustment enhancement pursuant to

U.S.S.G. § 3E1.1. The addendum to the PSR reflects the defendant has one unresolved objection to role adjustment to which the government reiterates its position taken in the plea agreement of not opposing a minor role reduction. The defendant has filed a sentencing memoranda in support of his objection.

**Defendant's Objection:** The defendant objects that the PSR fails to afford him a minor role adjustment for merely storing cocaine. That he was held accountable only for the drugs stored in his home does not preclude this adjustment. The defendant distinguishes himself from the average participant in the conspiracy who actually distributed the cocaine. The defendant points to evidence showing Perez to be a significant supplier of illegal drugs for several years to the Riley County area who relied on others to distribute the drugs. The defendant emphasizes that he stored drugs Perez for just nine months and then demanded that Perez remove the drugs from his residence on April 10, 2005.

**Ruling**: The mitigating role adjustment in U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3(A)). The determination whether a defendant is entitled to such a reduction is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3(C)). A role reduction is not earned simply

because a defendant is "the least culpable among several participants in a jointly undertaken criminal enterprise." *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th Cir. 1994) (citing *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir. 1991)).  In evaluating culpability, a court compares the "defendant's conduct with that of others in the same enterprise, but also with the conduct of an average participant in that type of crime." *United States v. Caruth*, 930 F.2d at 815.  To weigh relative culpability, "evidence must exist of other participants and their role in the criminal activity." *United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994) (internal quotation marks omitted).  In short, a role reduction is appropriate when the defendant is "substantially less culpable" than an average participant and is not required just because multiple participants with differing levels of culpability are involved.  The defendant has the burden of proving his minor participation. *United States v. Harfst*, 168 F.3d 398, 401-02 (10th Cir. 1999).

       The court finds that the defendant has carried his burden of proving he is entitled to a minor role reduction of two levels.  While the defendant may have had access to the Perez's bag that was stored at the defendant's residence and may have known it contained drugs and currency, Perez had his own key to the defendant's residence which allowed him to come and go without the defendant's knowledge.  Except for when the defendant terminated the conspiracy, the

defendant apparently did not exercise direct supervisory control over the bag in deciding where and how it would be stored or when and how Perez would have access to it.  The defendant did not assume any additional role with regards to the bag or its contents other than to allow Perez to keep the bag in the defendant's residence and to have access to it at any time.  Perez paid the defendant a modest monthly stipend to have the bag stored at the defendant's residence.  There is nothing to indicate that the defendant necessarily learned anything more about the conspiracy to distribute cocaine than that Perez supplied others who distributed the cocaine.  The court does not reject the role reduction because the defendant may have engaged in separate conduct which the PSR does not otherwise consider to be relevant conduct for purposes of base offense level calculations.  "Once a defendant's relevant conduct for sentencing purposes is determined, the same relevant conduct is used not only in determining the defendant's base offense level but also for any role in the offense adjustments. *See United States v. Carasa-Vargas*, 420 F.3d 733, 735 (8th Cir. 2005); *United States v. Roberts*, 223 F.3d 377, 380-81 (6th Cir. 2000); *United States v. Rodriguez De Varon*, 175 F.3d 930, 940-41 (11th Cir. 1999)[, *cert. denied*, 528 U.S. 976 (1999)]." *United States v. Harris*, 148 Fed. Appx. 690, 693-694, 2005 WL 2146049, at *4 (10th Cir. 2005).  The court sustains the defendant's objection and grants a two-level adjustment for

minor role.  The ruling results in a total offense level of 21 and a sentencing guideline range of 37 to 46 months.  The court will reserve its consideration of the other sentencing factors under 18 U.S.C. § 3553(a) for the sentencing hearing.

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is granted.

Dated this 26th day of April, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge